IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY (Newark)

| | |
|---|---|
| **PHYLLIS SALTERS**, on behalf of herself and all others similarly situated, | *Civil Action* |
| Plaintiff, vs. | No. 2:09-cv-02775-SRC-MAS |
| **ALLIANCEONE RECEIVABLES MANANGEMENT, INC.**, and **JOHN DOES 1-25**, | |
| Defendants. | |

### FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter, having come before the Court on Plaintiff's Motion for Final Approval of the proposed class action settlement with Defendant AllianceOne Receivables Management, Inc.; the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered April 27, 2010, a settlement class, and the Court, being fully advised in the premises, finds that:

This action satisfies the applicable prerequisites for class action treatment under Fed.R.Civ.P. 23(a) and (b). The class as defined in the Settlement Agreement (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representative will fairly and

adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by mail has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

The Defendant has timely filed notification of this settlement with the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials, and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the class representative.

The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the members of the Class in light of the complexity, expense and duration of litigation and the risks involved in

establishing liability, damages and in maintaining the class action through trial and appeal.

The relief provided under the settlement constitutes fair value given in exchange for the releases of statutory damages claims only against the Released Parties, as that term is defined in the Settlement Agreement.

~~The persons listed on Exhibit A hereto have validly excluded themselves from the Class in accordance with the provisions of the Preliminary Approval Order.~~

The parties and each Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

It is in the best interests of the parties and the Class members and consistent with principles of judicial economy that any dispute between any Class member (including any dispute as to whether any person is a Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

This action is finally certified as a class action against AllianceOne Receivables Management, Inc., on behalf of a Class defined as follows:

> All New Jersey consumers who received collection letters and/or notices from AllianceOne in a one year period preceding the filing of the Lawsuit, from June 7, 2008 to October 30, 2009, where the letters and/or notices did not contain language advising the consumers that interest would continue to accrue on the subject debt.

The Settlement Agreement submitted by the parties, specifically including AllianceOne's agreement to refrain from the practice challenged by Plaintiff in this case, is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Class and the parties are directed to consummate the Agreement in accordance with its terms.

This action is hereby dismissed on the merits, with prejudice and without costs.

As agreed by the parties in the Settlement Agreement, upon the Effective Date, AllianceOne and its parents, subsidiaries, affiliates, divisions, predecessors, successors, assignees, present and former officers, directors, employees, shareholders, representatives, insurers, agents and attorneys (collectively the "Released Parties"), shall be released from all claims that were or which could have been asserted in the Lawsuit arising from or relating to the conduct complained of therein. Further, upon the Effective Date, AllianceOne, for itself, and on behalf of the Released Parties, shall release and forever discharge the Representative Plaintiff, the Class and their present and former attorneys, administrators, heirs, agents, insurance carriers, successors, and assigns, from any and all causes of action, claims, and demands of

any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of the Lawsuit.

Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over AllianceOne and each member of the Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Class members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

Following arms-length negotiations concerning the fees and costs incurred by Class Counsel under the fee-shifting provisions of the Fair Debt Collection Practices Act, and an independent review of the fees and costs under a lodestar analysis by this Court, the Court deems the agreed-to fees and costs incurred by Class Counsel of thirty-two thousand dollars ($32,000.00) to be reasonable.

Upon consideration of the application for an individual settlement award, the Class Representative, Phyllis Salters, is awarded the sum of one thousand dollars ($1,000.00) in consideration of her individual claims against AllianceOne.

Further, consistent with the settlement agreement, it is ordered that distribution of seventy thousand dollars ($70,000) on a claims-made basis, with any residual in the class fund being distributed by AllianceOne to *cy pres*.

The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

_____
Michael A. Shipp, U.S.M.J.

Dated July 15, 2010